Erin Rose Ronstadt, SBN 028362
Kyle Shelton, SBN 027379
RONSTADT LAW, PLLC
P.O. Box 34145
Phoenix AZ 85067
Phone: (602) 615-0050
Fax: (602) 761-4443
erin@ronstadtlaw.com
kyle@ronstadtlaw.com

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric Margolias,<br><br>                                Plaintiff,<br>v.<br><br>Reliance Standard Life Insurance Company, a plan fiduciary; and Quinstreet, Inc. Health and Welfare Benefit Plan, an ERISA benefit plan,<br><br>                                Defendants. | No.<br><br>**COMPLAINT** |

For his claims against Quinstreet, Inc. Health and Welfare Benefit Plan (the "Plan") and Reliance Standard Life Insurance Company ("RSLIC") (collectively "Defendants"), Plaintiff Eric Margolias ("Mr. Margolias" or "Plaintiff") alleges as follows:

### *Jurisdiction, Venue, and Parties*

1. This action arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* ("ERISA").

2. The Plan is a purported ERISA benefit plan established for the benefit of its employees and maintained by Quinstreet, Inc. ("Quinstreet").

3. Mr. Margolias is a participant and beneficiary of the Plan as an employee of Quinstreet.

4. RSLIC is a third-party claims administrator for the Plan.

5. RSLIC is a Plan fiduciary.

6. Under the Plan, RSLIC fully insures eligible employees of Quinstreet for long-term disability ("LTD") benefits pursuant to Policy Number 109640 (the "LTD Policy") and life insurance waiver of premium ("LWOP") benefits pursuant to Policy Number GTL-135744 (the "LWOP Policy").

7. At the time Mr. Margolias sought LTD and LWOP benefits under the Plan, RSLIC administered claims under the Plan, acted on behalf of the Plan, and acted as an agent of the Plan to make final decisions regarding the payment of disability benefits for the Plan.

8. RSLIC has a fiduciary duty to administer the Plan prudently and in the best interests of all Plan participants and beneficiaries.

9. Mr. Margolias resides in Maricopa County, Arizona.

10. Mr. Margolias is a citizen of the United States of America.

11. The Plan has its principal place of business and was issued in Washington DC.

12. RSLIC has its principal place of business in the Philadelphia, Pennsylvania.

13. Defendants are licensed and authorized to do business in Maricopa County, Arizona, and reside and are found within Maricopa County within the meaning of the jurisdiction and venue provisions of ERISA, 29 U.S.C. § 1132 and 28 U.S.C. § 1391.

14. This Court has jurisdiction over the subject matter of this action under ERISA, 29 U.S.C. §§ 1132(a), 1132(e)(1), and 28 U.S.C. §§ 2201-02 (declaratory judgments).

15. Venue is proper in this Court under ERISA, 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1391(b).

**GENERAL ALLEGATIONS**

16. Mr. Margolias worked as a Mortgage Specialist for Quinstreet from April 10, 2006 through his last date of work on April 28, 2020.

17. Mr. Margolias stopped working due to multiple medical conditions that rendered him totally Disabled under the Plan.

18. His medical conditions cause a host of symptoms that severely diminish his ability and capacity to work.

19. Mr. Margolias's treating physicians and other providers have verified and confirmed his medical conditions using objective examination findings and diagnostic testing.

20. Mr. Margolias is actively in treatment for his medical conditions.

21. Mr. Margolias's health is declining and his medical conditions deteriorating.

22. Based on his collective medical conditions, Mr. Margolias is Totally Disabled as defined by the Plan.

23. Under the LTD Policy and Plan, "Total Disability" means that, as a result of an Injury or Sickness:

(1) during the Elimination Period and for the first 24 months for which a Monthly Benefit is payable, an Insured cannot perform the material duties of his/her regular occupation;

  (a) "Partially Disabled" and "Partial Disability" mean that as a result of an Injury or Sickness an Insured is capable of performing the material duties of his/her regular occupation on a part-time basis or some of the material duties on a full-time basis. An Insured who is Partially Disabled will be considered Totally Disabled, except during the Elimination Period;

  (b) "Residual Disability" means being Partially Disabled during the Elimination Period. Residual Disability will be considered Total Disability; and

(2) after a Monthly Benefit has been paid for 24 months, an Insured cannot perform the material duties of any occupation. Any occupation is one that the Insured's education, training or experience will reasonably allow. We consider the Insured Totally Disabled if due to an Injury or Sickness he or she is capable of only performing the material duties on a part-time basis or part of the material duties on a Full-time basis.

24. Neither the LTD Plan nor Policy does not contain an appeal exhaustion requirement.

25. Neither the LTD Plan nor Policy explicitly require exhaustion of administrative remedies as a prerequisite to filing suit.

26. A "Claims Procedures and Statement of ERISA Rights" is included as an attachment to the Policy, but it is not incorporated by reference into the Policy or LTD Plan.

27. The "Claims Procedures and Statement of ERISA Rights" does not require a claimant to exhaust his administrative remedies under ERISA.

28. When ERISA plans "contain language which could reasonably be read as making optional the administrative appeal process," a claimant is not required to pursue any appeals as a prerequisite to filing suit. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Arizona, Inc.*, 770 F.3d 1282, 1299 (9th Cir. 2014) ("Several of the Plans contain language which could reasonably be read as making optional the administrative appeals process… A number of our sister circuits have held that a claimant need not exhaust when the plan does not require it… We arguably adopted the same rule in *Nelson v. EG & G Energy Measurements Group, Inc.*, 37 F.3d 1384 (9th Cir.1994), and we do so explicitly today.").

29. All other requisites for filing suit have been met; therefore, Mr. Margolias's claims for benefits under ERISA, 29 U.S.C. § 1132(a)(1), are ripe.

30. On or around his last date of work, Mr. Margolias applied for short-term disability ("STD") benefits with RSLIC.

31. In a letter dated June 17, 2020, RSLIC denied Mr. Margolias' STD benefits.

32. In reaching the STD Denial, RSLIC failed to conduct a full and fair review in a myriad of ways. While not an exhaustive list, RSLIC:
- Misapplied and misrepresented the Plan language, including the definition of Disability, in evaluating Mr. Margolias's STD claim;
- Disregarded Mr. Margolias's credible symptomology and medical findings;
- Misrepresented Mr. Margolias's treating provider assessments;
- Preemptively denied Mr. Margolias's claim before having all relevant information;
- Relied excessively, if not exclusively, on its biased and inadequate medical file reviewers; and
- Failed to conduct a meaningful vocational analysis of Mr. Margolias's Own Occupation.

33. Had RSLIC properly investigated the claim, then the STD Denial would have never occurred.

34. With the assistance of legal counsel, Mr. Margolias submitted a STD appeal on December 14, 2020.

35. Through legal counsel, Mr. Margolias also submitted LTD and LWOP proof of loss on December 14, 2020.

36. As part of his December 14, 2020 submissions, Mr. Margolias provided additional medical evidence, including a November 10, 2020 detailed letter from his orthopedic surgeon in support of his claims; an October 30, 2020 functional capacity evaluation ("FCE"), concluding that Mr. Margolias "does not demonstrate the ability to perform his past work or any other work including all types of SEDENTARY work on a regular and consistent basis;" and a November 20, 2020 vocational evaluation concluding that Mr. Margolias is "objectively medically precluded from even Sedentary work."

37. In a letter dated February 5, 2021, RSLIC approved Mr. Margolias's STD benefits through the maximum benefit period.

38. In a letter dated March 22, 2021, RSLIC approved Mr. Margolias's LTD benefits.

39. Despite multiple requests, RSLIC never produced a formal determination on Mr. Margolias's LWOP proof of loss claim.

40. In May 2021, shortly after approving Mr. Margolias's LTD claim, RSLIC requested updated medical records and forms.

41. In letters dated May 19, 2021 and June 16, 2021, RSLIC requested medical records and forms, but it did not enclose the forms with the letters.

42. In a June 2, 2021 letter to RSLIC, Plaintiff's counsel provided requested forms and memorialized RSLIC's agreement to request medical records directly: "Per our May 24, 2021 telephone call, Reliance/Matrix has a valid Authorization to obtain medical records as well as a treating provider list—we provided this information on January 7, 2021, and you confirmed receipt of this information. Per our conversation, Reliance/Matrix has requested medical records and will inform the Firm if it is having any difficulty obtaining the medical records." [Exhibit 1]

43. Inexplicably, RSLIC sent a June 16, 2021 letter, once again asking for forms it did not enclose and also requesting medical records. The letter stated that "[i]f we do not receive the information above by July 3, 2021 your claim may be denied." [Exhibit 2]

44. Plaintiff's counsel wrote to RSLIC on June 29, 2021. [Exhibit 3] In that letter, Plaintiff explained:

-5-

> The Firm is in receipt of your June 16, 2021 letter requesting medical records, a signed authorization form, and pension information to be provided no later than July 3, 2021. **Please be advised that you did not include any forms with your letter—please send us any forms that you need completed.** Further, this is contrary to our May 24, 2021 telephone conversation and my June 2, 2021 follow up letter . . . **To that end, please advise us what medical records are outstanding and provide the original requests and follow request dates, so that we are not duplicating our efforts.** Additionally, I am writing to request a 30-day extension, or until Monday, August 2, 2021, to provide any outstanding information to Reliance/Matrix.

[Exhibit 3 (emphasis in original)]

45. Instead of responding to Plaintiff's June 29, 2021 letter, on July 2, 2021 RSLIC issued an adverse benefit determination effective June 28, 2021 (the "Denial").

46. RSLIC issued the Denial without adequate evidence and bad faith.

47. RSLIC issued the Denial to avoid issuing another benefits check.

48. In its June 16, 2021 letter, RSLIC asked for information by July 3, 2021; however, it issued its Denial on July 2, 2021, a day prior to the deadline. It did not even provide Plaintiff with the time set forth in its letter for furnishing evidence.

49. RSLIC did not respond to Plaintiff's request for an extension of time until August 2, 2021.

50. RSLIC shunned any good faith exchange of information with Mr. Margolias.

51. In reaching the Denial, RSLIC failed to conduct a full and fair review and made several of the same errors that occurred during the STD Denial, including but not limited to:

- Disregarding Mr. Margolias's credible symptomology and medical findings;
- Misrepresenting and disregarding Mr. Margolias's treating provider assessments, and failing to obtain updated treating assessments for its review;
- Preemptively denying Mr. Margolias's claim before gathering all relevant information, including medical evidence demonstrating new treating providers, additional testing, and new diagnoses; and
- Relying exclusively on its biased and inadequate medical file reviewer(s) without providing Mr. Margolias with an opportunity to respond.

52. RSLIC acknowledged in the Denial that it was missing medical records pertaining to a surgical procedure, a manipulation under anesthesia ("MUA") of the right knee, and further orthopedic evaluation and intervention.

53. RSLIC failed to obtain pertinent information to decide the claim.

54. RSLIC failed to provide with Mr. Margolias sufficient time to submit "proof of loss" as contemplated by the Plan; and did not allow Mr. Margolias to "submit satisfactory proof" as permitted by the Plan. Under the Plan, RSLIC cannot deny the claim unless Mr. Margolias "fail[s] to furnish the required proof of Total Disability," but RSLIC did not even allow Mr. Margolias the opportunity to furnish such proof.

55. RSLIC's refusal to engage in a good faith exchange of information is especially egregious, considering that RSLIC was not hindered by any sort of deadline, such as the change in the definition of Disability, which does not occur until July 28, 2022. RSLIC's only pressing deadline was the deadline to issue the next benefits check, evidencing its bad faith, financial motives for Denial.

56. RSLIC also failed to interview or examine Mr. Margolias.

57. RSLIC outright failed to obtain assessments or clarification from Mr. Margolias's treating providers in violation of the Plan and ERISA.

58. RSLIC must include in the Denial an adequate discussion and explanation for disagreeing with Mr. Margolias's treating provider assessments. *See* 29 C.F.R. § 2560.503-1(g)(1)(vii)(A). By failing to obtain, or even inquire about, a treating provider assessment, RSLIC's has breached its fiduciary duties and failed to adhere to reasonable claims procedures.

59. On information and belief, RSLIC purposefully avoided obtaining a treating provider assessment because it knew Mr. Margolias's treating providers would support his disability claim.

60. Mr. Margolias's treating providers are best situated to evaluate his restrictions and limitations given their expertise and physical examination of Mr. Margolias.

-7-

61. RSLIC's medical file reviewer has not examined Mr. Margolias or spoken with his treating providers, which demonstrates clear bias and excuses Mr. Margolias from exhausting administrative remedies.

62. Notwithstanding RSLIC's failure to obtain evidence relevant to Mr. Margolias's claim, RSLIC failed to fully and fairly assess the available evidence. For example, RSLIC noted multiple procedures, including a MUA of the right knee, a series of six lumbar sympathetic blocks, and the need for an upcoming lumbar radiofrequency ablation, as well as an increase in Lyrica and the addition of Tramadol—these are all indicative of severe conditions and escalating treatment.

63. RSLIC utilized its biased medical file reviewer "based upon the likelihood that the individual will support the denial of benefits." See 29 C.F.R. § 2560.503-1(b)(7). RSLIC failed to ensure that Mr. Margolias's claim was "adjudicated in a manner designed to ensure the independence and impartiality of the persons involved in making the decision." *Id.*

64. In a July 13, 2021 letter to RSLIC, Mr. Margolias requested all relevant documents, revoked all authorizations, and provided notice of a deficient adverse benefit determination and RSLIC's failure to follow claims procedures pursuant to ERISA. [Exhibit 4].

65. Plaintiff demanded a response by July 23, 2021. [Exhibit 4].

66. To date, RSLIC has still failed to respond to Mr. Margolias's July 13, 2021 letter.

67. As part of RSLIC's ERISA claims procedure violations, it "failed to consider readily available material evidence of which it was put on notice," and "the review process failed to conform to the directives of ERISA and the Plan's own terms." *See Harrison v. Wells Fargo Bank, N.A.*, 773 F.3d 15, 17 (4th Cir. 2014). Similar to *Harrison*, RSLIC abused its discretion by failing to obtain all available evidence relevant to Mr. Margolias's claim. *See id.* In *Harrison*, the Court found that the insurer did not meet the "full and fair review" requirements imposed by ERISA in 29 U.S.C. § 1133. *Id.* The insurer "chose to remain willfully blind to readily available information that may well have confirmed [Mr. Margolias's] theory of disability." *See id* at *20.

68. In the July 13, 2021 letter (Exhibit 4), Plaintiff requested a written explanation of RSLIC's violations of ERISA and the Plan. Pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii), RSLIC was required to provide such explanation within ten (10) days, including a specific description of its bases, if any, for asserting that the violation should not cause the administrative remedies available under the plan to be deemed exhausted.

69. RSLIC has failed to timely respond to Plaintiff's July 13, 2021 letter and, therefore, under 29 C.F.R. § 2560.503-1(l)(2)(ii), Plaintiff is deemed to have exhausted any administrative remedies available under the Plan. "Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." *Id.* at (i).

70. RSLIC failed to provide reasonable claims procedures. It did so, in part, by: refusing to evaluate the claim before the Denial, which includes failing to secure updated medical evidence and failing to exercise its right to secure an independent medical examination if one was needed; refusing to engage in a good faith exchange with Plaintiff about its claim review; and refusing to give Mr. Margolias reasonable notice of its review and need for information.

71. While Plaintiff does not concede an abuse of discretion standard of review, RSLIC certainly abused its discretion and acted in its own best financial interests when issuing the Denial, depriving Mr. Margolias of a full and fair review in violation of 29 C.F.R. § 2560.503-1.

72. RSLIC exhibited a pattern and practice in the Denial, whereby it denied Mr. Margolias's disability claim for a second time without bothering to evaluate the claim.

73. Mr. Margolias has not worked since April 28, 2020 due to his medical conditions.

74. Mr. Margolias is unable to perform his Regular Occupation, or Any Occupation for that matter, and comes within the definition of Disability under the Plan.

75. Mr. Margolias is excused from exhausting administrative remedies under the Plan pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii).

76. The LTD Plan does require exhaustion of his administrative remedies so his claims are ripe .

77. Mr. Margolias timely files this lawsuit.

## COUNT I

### (Recovery of LTD Benefits and Request for Immediate Review pursuant to 29 C.F.R. § 2560.503-1(l)(2)(ii)) (Defendants RSLIC and the Plan)

78. All other paragraphs are incorporated by reference.

79. The Plan is an Employee Welfare Benefit Plan as defined in ERISA, 29 U.S.C. § 1002.

80. The Plan represents LTD coverage and a promise to provide these benefits until Mr. Margolias is no longer Disabled under the terms of the Plan.

81. Defendants have failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

82. Mr. Margolias has exhausted his administrative remedies under 29 C.F.R. § 2560.503-1(l)(2)(ii) and is further entitled to a de novo review of his claim, as well as his past-due benefits, until a proper review is completed:

> (T)he administrative remedies available under a plan with respect to claims for disability benefits will not be deemed exhausted based on *de minimis* violations that do not cause, and are not likely to cause, prejudice or harm to the claimant so long as the plan demonstrates that the violation was for good cause or due to matters beyond the control of the plan and that the violation occurred in the context of an ongoing, good faith exchange of information between the plan and the claimant. This exception is not available if the violation is part of a pattern or practice of violations by the plan. The claimant may request a written explanation of the violation from the plan, and the plan must provide such explanation within 10 days, including a specific description of its bases, if any, for asserting that the violation should not cause the administrative remedies available under the plan to be deemed exhausted. If a court rejects the claimant's request for immediate review under paragraph (l)(2)(i) of this section on the basis that the plan met the standards for the exception under this paragraph (l)(2)(ii), the claim shall be considered as re-filed on appeal upon the plan's receipt of the decision of the court. Within a reasonable time after the receipt of the decision, the plan shall provide the claimant with notice of the resubmission.

83. Based on RSLIC's conduct, Mr. Margolias's claim is deemed denied without the need to exhaust futile administrative remedies.

84. Prior to the termination of Mr. Margolias's benefits, RSLIC inexcusably failed to investigate the claim and to communicate in a "good faith exchange of information" with Plaintiff.

85. RSLIC secured file reviews without first securing all updated medical evidence, which it admitted in the Denial.

86. RSLIC failed to obtain Mr. Margolias's treating provider assessments. Instead, it relied exclusively on its medical file reviewers and non-examining consultants.

87. RSLIC violated the Plan by inexcusably failing to have Mr. Margolias examined.

88. RSLIC had every opportunity to communicate with Plaintiff about its review under the Plan but failed to do so without justification. RSLIC should have engaged in a good faith exchange of information and reviewed the claim in the best interests of Mr. Margolias prior to issuing the Denial.

89. RSLIC's violations are more than *de minimis*. RSLIC stopped Mr. Margolias's benefits without warning, leaving him without a monthly benefit and abruptly and placing him in a similar position to what it had done to him previously with the STD Denial. As Plaintiff's legal counsel explained to RSLIC, "Mr. Margolias simply does not have the luxury of a year or more of appealing with RSLIC in light of its clear abdication of ERISA and the fact RSLIC is assuredly going to deny the claim regardless of the evidence." (Exhibit 4).

90. RSLIC has a pattern or practice of bad faith conduct and of violating ERISA and the plan. RSLIC's history of parsimonious claims handling is directly relevant to this Court's review of the claim and consideration of Plaintiff's request for immediate review under ERISA.

91. Mr. Margolias is a victim of RSLIC's corporate efforts to drive profitability.

92. Plaintiff is informed and believes that RSLIC did not set aside adequate reserves to pay Mr. Margolias's claim.

93. On information and belief, RSLIC reserved Plaintiff's claim for a few months and is now trying to force Mr. Margolias into a protracted appeals process in violation of ERISA, because doing so allows RSLIC to avoid significant financial liability presented by Plaintiff's claim in this fiscal year. For instance, due to the STD Denial, RSLIC avoided payment on the claim for over a year. It did not pay Mr. Margolias interest, and it got to keep its money while forcing Mr. Margolias through the appeals process. Mr. Margolias nearly lost everything as a result of the delay. But RSLIC only profited from its bad faith conduct and delay in approving and investigating Mr. Margolias's claim.

94. RSLIC used in-house reviewers for evaluating Mr. Margolias's claim because it knew that the in-house reviewers' recommendations would be unfavorable for the continuation of Mr. Margolias's benefits.

95. Plaintiff is informed and believes RSLIC provides its reviewers and vendors with internal notes and financial information about the claim, compromising their ability to make "independent" medical determinations and creating further bias in reviews.

96. RSLIC's biased medical consultants mischaracterize evidence to support their conclusions that Mr. Margolias can work in "Any Occupation." In any event, the opinions are admittedly based on an incomplete review of the medical evidence.

97. The Plan "must provide [] explanation within 10 days, including a specific description of its bases, if any, for asserting that the violation should not cause the administrative remedies available under the plan to be deemed exhausted." Defendants failed to timely provide any explanation in response to Mr. Margolias's request (Exhibit 1).

98. Mr. Margolias is entitled to discovery regarding the effects of the procedural irregularities and structural conflict of interest that infiltrated the claims handling process and also regarding the effects of RSLIC's reviewing physicians', its employees', and its vendors' financial conflicts of interest, biases, and financial motivations and circumstances surrounding RSLIC's decision to terminate Mr. Margolias's LTD claim.

99. Under the de novo standard of review, Mr. Margolias is entitled to discovery regarding, among other things, the credibility of RSLIC's medical reviews and RSLIC's lack

of partiality due to its financial conflicts of interest. *See Opeta v. Nw. Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007) (under the de novo standard of review, new evidence may be admitted regarding, among other things: "the credibility of medical experts… [and] instances where the payor and the administrator are the same entity and the court is concerned about impartiality" (*quoting Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1026-27 (4th Cir. 1993)).

100. Pursuant to the coverage provided in the Plan, to ERISA 29 U.S.C. § 1132(a)(1)(B), and to applicable federal law, Mr. Margolias is entitled to recover all benefits due under the terms of the Plan, and to enforce his rights under the Plan.

101. Mr. Margolias is entitled to reinstatement of any other employee benefits that were terminated, discontinued, or suspended as a result of the termination of his disability benefits, including, but not limited to LWOP benefits. He is entitled to a restoration of the *status quo ante* before LTD benefits were wrongfully terminated and seeks all past-due benefits as a result of RSLIC's ERISA violations.

102. Under 29 C.F.R. § 2560.503-1(l)(2)(i), "[Mr. Margolias] is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim."

103. Pursuant to 29 U.S.C. § 1132(g), Mr. Margolias is entitled to recover his attorneys' fees and costs incurred herein.

104. Mr. Margolias is entitled to prejudgment interest on the benefits to which he is entitled and on his damages at the highest legal rate until paid.

**WHEREFORE**, Mr. Margolias prays for entry of judgment against Defendants as set forth in this Complaint, which includes:

A. All past and future owed LTD benefits under the terms of the Plan;

B. Clarifying and determining Mr. Margolias's rights to future benefits under the terms of the Plan;

C. For any other benefits Mr. Margolias may be entitled to receive under the Plan due to his disability;

D. Any equitable relief that would be proper as a result of RSLIC's breaches of fiduciary duty;

E. An award of Mr. Margolias's attorneys' fees and costs;

F. An award of prejudgment interest on benefits and damages at the highest legal rate until paid; and

G. For such and further relief as the Court deems just, equitable, and reasonable.

Dated this 19th day of October, 2021.

RONSTADT LAW, PLLC

By: *s/ Erin Rose Ronstadt*
Erin Rose Ronstadt
Kyle Shelton
Attorneys for Plaintiff